UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ALLEN DAVIS,

    Plaintiff,                        Hon. Paul L. Maloney

v.                                              Case No. 1:23-cv-1010

JASON KUZYK, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 37). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

**BACKGROUND**

Plaintiff initiated this action on September 22, 2023, against Fruitport Township Police Officer Jason Kuzyk, Fruitport Township, Tokio Marine HCC, and Katie Toman.[1] In his complaint (ECF No. 1), Plaintiff alleges the following.

---

[1] Tokio Marine is the entity that insures Fruitport Township and Katie Toman is an employee of Tokio Marine.

-1-

On November 9, 2021, Plaintiff was driving his minivan when he was stopped by Officer Kuzyk. After stopping, Plaintiff exited his vehicle at which point Defendant Kuzyk handcuffed Plaintiff and placed him in the rear of his patrol vehicle. Kuzyk impounded Plaintiff's minivan after which Plaintiff was released.[2]

Less than three weeks later, Plaintiff made a "claim and demand for restitution" in the amount of $70,500,000 against Officer Kuzyk and Fruitport Township. (ECF No. 1 at PageID.15). When he failed to receive the requested amount, Plaintiff filed a "notice of default" against Kuzyk and Fruitport Township. (*Id.* at PageID.18). After yet again failing to obtain payment, Plaintiff, on December 15, 2021, filed a "second and final notice of default" against Kuzyk and Fruitport Township. (*Id.* at PageID.19). On December 27, 2021, Plaintiff filed a lien against Officer Kuzyk, Fruitport Township, and others in the amount of $70,500,000. (*Id.* at PageID.21-27). Still dissatisfied at his inability to obtain payment, Plaintiff, on January 10, 2022, filed a "criminal complaint" against Officer Kuzyk. (*Id.* at PageID.28-29).

Determined to continue his campaign of harassment, on March 23, 2022, Plaintiff filed a "notice of claim" with Tokio Marine seeking $2,000,000 as partial payment for the "actions or inactions, malfeasance misfeasance infeasance violations of the oath of office and the vacating of said office by Jason Kuzyk." (*Id.* at PageID.35-36). As part of these efforts, Plaintiff also filed a lien against Katie Toman. (ECF No. 37-6 at PageID.271-

---

[2] As detailed below, Plaintiff was charged with three offenses arising from this incident. Plaintiff accepted responsibility for or pleaded nolo contendere to all three charges.

72; ECF No. 37-7 at PageID.274-83). The liens Plaintiff filed against Defendants and others were ultimately discharged as fraudulent (ECF No. 37-11 at PageID.328-32) and Plaintiff was charged with one count of filing a false or fraudulent lien. (ECF No. 37-7 at PageID.282). Plaintiff was ultimately convicted of this charge following a jury trial. (ECF No. 37-9 at PageID.300-01).

Plaintiff alleges that Defendant Kuzyk's actions violated his constitutional rights. Plaintiff seeks punitive damages in the amount of $3,500,000 from each Defendant. Plaintiff further requests that the Court "enter an order for the removal of Jason Kuzyk from the police force" and, furthermore, order the United States government to initiate a criminal investigation against Kuzyk and Toman. Defendants now move for summary judgment. Plaintiff has not responded to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

### I. Defendant Kuzyk

In support of his motion for summary judgment, Kuzyk has submitted evidence that reveals the following.

On November 9, 2021, Officer Kuzyk was on patrol when he observed Plaintiff, who was driving a minivan, make an improper turn. (ECF No. 37-2 at PageID.199, 202; ECF No. 37-10 at PageID.326). Kuzyk further observed that Plaintiff's vehicle did not have a state issued license plate but instead displayed a placard on which "PRIVATE" was printed. (ECF No. 37-2 at PageID.202). Printed on the perimeter of the placard was "no driver license or insurance required" and "not for commercial use – private mode of travel." (*Id.*).

Officer Kuzyk effected a traffic stop at which point Plaintiff "pulled into Quality Car Wash and came to a stop." (*Id.*). Plaintiff immediately exited his vehicle and approached Officer Kuzyk's patrol vehicle. (*Id.*). Kuzyk asked Plaintiff for his "driver's license, vehicle registration, and proof of insurance." (*Id.*). Plaintiff responded that he "does not have a driver's license and that he does not need one." (*Id.*). Plaintiff further stated that he "did not have [a vehicle] registration" and "threw away his license plate."

(*Id.*).  Given Plaintiff's statements, as well as the fact that Plaintiff had "failed to stop for officers in the past and attempted to elude them," Officer Kuzyk "advised [Plaintiff] that he was being detained," at which point Plaintiff "was handcuffed and seated in the back seat of [Kuzyk's] patrol car."  (*Id.*).

Officer Kuzyk discovered that Plaintiff did not have a valid driver's license and, furthermore, that the registration for the vehicle Plaintiff was driving expired the previous year.  (*Id.*).  Plaintiff's vehicle was impounded and Plaintiff was issued a citation for: (1) improper turn; (2) failure to have a driver's license on his person; and (3) failure to have insurance.  (ECF No. 37-2 at PageID.199, 202).  Plaintiff admitted responsibility for, or pleaded nolo contendere to, all three charges.  (ECF No. 37-3 at PageID.207-19; ECF No. 37-4 at PageID.221-52; ECF No. 37-5 at PageID.254-66).  Plaintiff has failed to respond to Defendant's motion and has, therefore, failed to refute any of the evidence presented by Officer Kuzyk.

Plaintiff asserts that Kuzyk violated his constitutional rights by improperly impounding his vehicle and arresting him in the absence of an arrest warrant or probable cause.[3]  It is a misdemeanor under Michigan law to display a license plate that was "not issued for the vehicle."  Mich. Comp. Laws § 257.256.  It is also a misdemeanor under Michigan law to operate a motor vehicle that has not been properly registered.  Mich. Comp. Laws § 257.215.  Operating an uninsured motor vehicle is likewise a

---

[3] For purposes of the present analysis, the Court will assume, without deciding, that Kuzyk's decision to briefly detain Plaintiff while he investigated the incident in question constituted an "arrest."

misdemeanor under Michigan law. Mich. Comp. Laws § 500.3102. Finally, it is a misdemeanor under Michigan law to operate a motor vehicle without an operator's license. *People v. Mack*, 2007 WL 466056 at *1 (Mich. Ct. App., Feb. 13, 2007).

Under Michigan law, a police officer can make a warrantless arrest if a misdemeanor is committed in his presence. Mich. Comp. Laws § 764.15. Likewise, it is lawful to impound a motor vehicle being operated without insurance. *See, e.g., Hastert v. Mercer*, 2015 WL 6394788 at *3 (W.D. Mich., Oct. 25, 2015). The unrefuted evidence submitted by Defendant Kuzyk reveals that Plaintiff's brief detention and the impoundment of his vehicle were both proper under Michigan law.[4] As such, Kuzyk's actions did not violate Plaintiff's constitutional rights. *See, e.g., Graves v. Mahoning County*, 821 F.3d 772, 776-79 (6th Cir. 2016) (noting that arrests are reasonable if the officer had probable cause to believe that a criminal offense has been committed); *Brite Financial Services, LLC v. Bobby's Towing Service, LLC*, 461 F.Supp.3d 549, 559 (E.D. Mich. 2020) (impounding a vehicle violates due process only if the State fails to provide a process by which the owner can regain possession). Accordingly, the undersigned recommends that Defendant Kuzyk's motion for summary judgment be granted.

## II. Remaining Defendants

As described above, Plaintiff filed a lien against Katie Toman, which was subsequently discharged as fraudulent. In his complaint, Plaintiff argues that Toman

---

[4] Plaintiff has advanced neither allegations nor evidence suggesting that he was denied the opportunity to recover his vehicle following its seizure.

"is in fact liable for five years in prison and two thousand five hundred dollars in fines" because the affidavit Toman filed to establish the fraudulent nature of Plaintiff's lien was allegedly false. Any questions regarding the accuracy of Toman's affidavit appear to have been resolved against Plaintiff in the context of the state court proceedings described above. To the extent Plaintiff seeks to explore the matter further, he must do so in the appropriate state forum. As for the present matter, Plaintiff's complaint makes no allegations against Toman which state a claim on which relief may be granted. Accordingly, the undersigned recommends that Defendant Toman's motion for summary judgment be granted.

Likewise, Plaintiff has failed to advance any factual allegations against Defendants Fruitport Township or Tokio Marine which state a claim on which relief may be granted. The undersigned recommends, therefore, that the motions for summary judgment advanced by Defendants Fruitport Township and Tokio Marine be granted.

### III. Waiver

Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.,

May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendants' motion for summary judgment, the undersigned recommends, in the alternative, that Defendants' motion be granted on the ground that Plaintiff has simply waived opposition thereto.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 37) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. ' 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court=s order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                   Respectfully submitted,

Date: March 11, 2024         /s/ Phillip J. Green  
                   PHILLIP J. GREEN  
                   United States Magistrate Judge